## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-cr-258 (1) (SRN/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| JOHN WILLIS NETHERTON (1), | |
| Defendant. | |

---

This case is before the Court on Defendant John Willis Netherton's ("Defendant") Motion to Reopen Detention Hearing (Dkt. 459). Plaintiff United States of America ("the Government") opposes the Motion. (*See* Dkt. 471.) For the reasons stated below, the Motion is denied.

## I.   BACKGROUND

On October 2, 2019, Defendant was indicted on charges of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A) and 846 (Count 1), distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A) (Count 2), using and carrying a firearm during, in relation to, and in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count 4), and felon in possession of a firearm, in violation of 18 U.S.C. § 922(a) (Count 5). (Dkt. 1.) Defendant made his initial appearance on October 7, 2019, at which the Government sought detention. (Dkt. 16.) Defendant waived the issue of detention and his right to a hearing as to continued

detention.  (Dkt. 16, *see* Dkt. 52 at 2.)  In the Order for Detention, U.S. Magistrate Judge

Hildy Bowbeer found:

> Based on the record before it, the Court finds that no condition or combination of conditions will reasonably assure either Defendant's appearance at court proceedings or community safety.

> The information within the bail report provide[s] sufficient facts to demonstrate that Defendant's release on conditions at this time would not assure continued appearance at court proceedings.  They present a similar concern with regard to community safety.  The nature and circumstances of the offense, as well as the Defendant's history and characteristics, do not counsel release.  *See* 18 U.S.C. § 3142(e)(2)(3).  Defendant most notably has a history of criminal convictions, failing to appear for court appearances, bench warrants, and other non-compliance with court conditions.  More specifically, Defendant has amalgamated convictions for felony controlled substance; gross misdemeanor stalking; theft of a motor vehicle; felony burglary tools; felony receiving stolen property; felony nonpayment for improvement, a crime of dishonesty; harassment; and felony terroristic threats. Defendant has also amalgamated a history of arrests for other offense conduct, and has a history of orders for protection issued against him.  These facts combined cause an insurmountable risk of non-appearance and risk to community safety.  Furthermore, based on the allegations in the indictment Defendant purportedly committed the at-issue offenses while on court terms of supervision.

> Meanwhile, the Court turns to the facts in the Indictment.  Defendant's alleged offenses include involvement in a methamphetamine distribution conspiracy for at least several months, beginning shortly after his release from prison in April 2019.  The indictment also alleges he unlawfully possessed a firearm, purportedly in support of those illicit affairs.  As such, Defendant faces a considerable prison term if convicted, especially given his prior contacts with the criminal justice system and conviction history. Furthermore, convictions for Count 1 and/or Count 2, combined with a conviction for Count 4, would mandate a term of imprisonment of at least fifteen years.

> This Court determines that no facts before this Court rebut the presumption that no combination of conditions will reasonably assure Defendant's appearance as required, or the safety of the community.  To the contrary, the information before this Court to date demonstrates that detention is the sole alternative.

(Dkt. 52 at 3-4 ¶¶ 1-4.)

On September 4, 2020, Defendant entered a guilty plea as to Count 1 of the indictment, which charged him with conspiracy to distribute methamphetamine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.  (Dkt. 374; Dkt. 375 at 1.)  The factual basis for the plea included that from at least May 2019 to August 28, 2019, Defendant was part of an agreement in the State and District of Minnesota to distribute methamphetamine, that he coordinated and facilitated the delivery of methamphetamine from co-conspirators and to sub-distributors, collected funds from the sale of methamphetamine, and that the 5.98 kilograms of methamphetamine seized from a co-defendant's car on August 23, 2019 were a part of Defendant's agreement with others to distribute methamphetamine.  (Dkt. 375 at 2-3 ¶¶ 2(a), 2(d)-(e).)  Defendant agreed that he acted voluntarily and knew his actions violated the law.  (*Id.* at 3 ¶ 2(e).)

A Preliminary Presentence Report was filed on October 24, 2020 (Dkt. 401) and a Final Presentence Report ("PSR") was filed on January 12, 2021 (Dkt. 455).  Two days later, Defendant filed this Motion.  (Dkt. 459.)  The Government asserts that the PSR recommends life imprisonment based on a calculated base offense 38 and recommended enhancements for: 1) a dangerous weapon, 2) the use of violence, 3) maintaining a premises for distributing methamphetamine, and 4) a leadership role.  (Dkt. 471 at 4.)  Without any enhancement, Defendant faces an advisory Guidelines term of 292-365 months.  (*Id.* at 5 n.1.)  Defendant's sentencing is set for April 23, 2021.  (Dkt. 470.)

## II.   ANALYSIS

Defendant seeks reopening of detention under 18 U.S.C. § 3142(f)(2).  (Dkt. 459.) He states that he waived his right to challenge the Government's motion for detention at his initial appearance due to an unexpired term of custody by the Minnesota Department of Corrections in effect at the time.  (Dkt. 459 at 1.)  That term of custody expired in December 2020, and Defendant argues that this constitutes a sufficient change in circumstances to allow this motion under the law.  (*Id.*)  He seeks a hearing date "to hear further his argument for temporary release prior to his sentencing." (*Id.*)  Defendant's request is based on (1) the pandemic; (2) his deteriorating mental health as a result of pandemic measures taken by the local jail; and (3) a wish to join members of his family to distribute the ashes of his deceased mother.  (*Id.* at 1-2.)

After Defendant filed his Motion, the Court issued a text-only order directing U.S. Probation and Pretrial Services to prepare a supplemental report and recommendation regarding Defendant's detention or release and provide it confidentially to the Court and the parties by January 20, 2021.  (Dkt. 461.)  The Court directed the Government to file its response on or before January 25, 2021, and Defendant to file his reply no later than the business day after the Government files its response. (*Id.*)  If Defendant did not intend to file a reply, Defendant's counsel was directed to promptly notify the Court to that effect.  (*Id.*)  The text-only order stated: "Counsel will be contacted by email regarding a video hearing on the Motion." (*Id.*)

U.S. Probation and Pretrial Services filed a supplemental status report on January 20, 2021.  (Dkt. 462.)  Based on information taken from the PSR, it recommended

4

continued detention based on a risk of nonappearance and danger to the community.  (*Id.*)

The report relied on, among other things, Defendant' failure to appear or comply with a

court order on six occasions, that Defendant anticipated a lengthy sentence, Defendant's

violent criminal history, and Defendant's receipt of several disciplinary actions while at

Minnesota Correctional Facility-Faribault.  (*Id.* at 1-2.)  The report also noted

Defendant's history of orders for protection issued against him.  (*Id.* at 2.)  Finally, the

report noted that Defendant was subject to mandatory detention pursuant to 18 U.S.C.

§ 3143 because he had pleaded guilty and awaited sentencing.  (*Id.* at 4.)

     The Government filed its response on January 25, 2021.  (Dkt. 471.)  The

Government opposes the Motion and opposes Defendant's request for a hearing.  (*Id.* at

1.)  The Government argues that Defendant has not made the required showing under 18

U.S.C. § 3142(f)(2)(B) of "information exists that was not known to the movant at the

time of [the original detention] hearing and that has a material bearing on the issue of

whether there are conditions of release that will reasonably assure the appearance of such

person as required and the safety of any other person in the community."  (*Id.* at 5-6, 11-

16.)  The Government also argues that because Defendant has pleaded guilty to a

Controlled Substance Act offense, pursuant to 18 U.S.C. § 3143(a)(2)(B), there is a

presumption in favor of detention that Defendant has not rebutted with a showing of

"exceptional reasons."  (*Id.* at 3-4, 6-11.)

     On January 26, 2021, Defendant notified the Court by email that he did not intend

to file a reply.  After the undersigned's chambers emailed counsel about a hearing,

counsel for the Government replied that the Government opposed a hearing for the

reasons stated in the Government's opposition, and counsel were advised that the Court would determine if a hearing was necessary after reviewing the papers. For the reasons set forth herein, the Court has determined no hearing is necessary.

The parties have cited different statutes as applicable to the Motion, namely, 18 U.S.C. § 3142(f)(2) (Dkt. 459), 18 U.S.C. § 3143(a) and (c) (Dkt. 471 at 4), and 18 U.S.C. § 3145(b) (*id.* at 2). Section 3145(b) applies to a district judge's review of a magistrate judge's detention order. *See* 18 U.S.C. § 3145(b) ("If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly."); *see also United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985) (en banc) (discussing § 3145(b) and explaining "[w]hen the district court, pursuant to 18 U.S.C. § 3145(b), acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts de novo and makes an independent determination of the proper pretrial detention or conditions for release"); *United States v. Agriprocessors, Inc.*, No. 08-CR-1324-LRR, 2009 WL 290473, at *4 (N.D. Iowa Jan. 28, 2009 ("Title 18, United States Code, Section 3145(b) governs a motion for revocation of a magistrate judge's detention order."). Consequently, the Court will not analyze the Motion under § 3145(b).

The Court turns to the question of whether § 3142(f)(2) or § 3143 applies. U.S. District Judge Eric C. Tostrud recently addressed "the question of which statute applies when a defendant moves to reopen the detention issue after pleading guilty and seeks release pending sentencing." *United States v. Thomason*, 449 F. Supp. 3d 877, 877-78

(D. Minn. 2019). He concluded that § 3143, not § 3142(f)(2) applies. *Id.* at 878; *see also United States v. Johnson*, No. 1:19CR646, 2020 WL 2610737, at \*1 (N.D. Ohio May 22, 2020) ("Defendant incorrectly brings his Motion under the 'changed circumstances' justification of 18 U.S.C. § 3142(f)(2). However, since Defendant has already pleaded guilty and is awaiting Sentencing, 18 U.S.C. § 3143 governs his request.").

In this case, Defendant has pleaded guilty and was remanded to the custody of the U.S. Marshals Service pending sentencing. (Dkts. 374, 470.) The Court therefore applies § 3143.[1] *See United States v. Hernandez-Guevara*, 455 F. Supp. 3d 888, 893 (D. Minn. 2020) ("The release of a defendant pending sentencing is proscribed by 18 U.S.C. § 3143."). As U.S. District Judge Susan Richard Nelson in *Hernandez-Guevara*:

> Under § 3143, where a defendant has been found guilty of certain serious drug trafficking offenses or violent crimes described in § 3142, the judicial officer "shall order" the person detained, unless the judicial officer finds: (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community" if released; and (2) there is a substantial likelihood that a motion for acquittal or a new

---

[1]   The Court would reach the same outcome as to the Motion if the Court had applied the standard set forth in § 3142(f)(2). The Bail Reform Act provides that a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). "In other words, to reopen a detention hearing a defendant must, first, 'present [] information that was not known or available to him at the time of his original detention hearing,' and then, second, show that such information 'is material to and has a substantial bearing on whether he should remain detained.'" *United States v. Petters*, No. 08-364 (RHK/AJB), 2009 WL 205188, at \*2 (D. Minn. Jan. 28, 2009) (quoting *United States v. Archambault*, 240 F. Supp. 2d 1082, 1084 (D.S.D. 2002)). For the same reasons given with respect to § 3143, the circumstances identified by Defendant do not have a material bearing on his risk of nonappearance or the danger to the community he poses. Defendant therefore has not shown that reopening is warranted.

> trial will be granted, or counsel for the Government has recommended that
> no sentence of imprisonment be imposed.

*Id.* (citing 18 U.S.C. § 3413(a)(2)).

"If these standards are unmet, a defendant may appeal a detention order by showing that 'there are exceptional reasons why [his] detention would not be appropriate.'" *Id.* (citing 18 U.S.C. § 3145(c)).  "In addition to showing exceptional reasons, the defendant must still establish by clear and convincing evidence that he is not likely to flee or pose a danger to the community."  *Id.*

Here, Defendant has pleaded guilty to a drug trafficking event that requires mandatory detention because he has pleaded guilty to a Controlled Substance Act offense that carries a statutory maximum term of life imprisonment.  *See* 18 U.S.C. § 3142(f)(1)(C); *id.* § 3143(a)(2); 21 U.S.C. § 841(b)(1)(A).  In view of Defendant's guilty plea, "there is not a substantial likelihood that a motion for acquittal or a new trial will be granted," *Hernandez-Guevara*, 455 F. Supp. 3d at 894 (citing 18 U.S.C. § 3143(a)(2)), and the Government is not advocating for the imposition of no sentence. "Accordingly, the Court considers whether Defendant has shown that: (1) an 'exceptional reason' makes his continued detention no longer appropriate; and (2) he is unlikely to flee and does not pose a danger to the community."  *Id.* (citing 18 U.S.C. § 3145(c)).

The reasons for release identified by Defendant are the COVID-19 pandemic, "his deteriorating mental health as a result of pandemic measures taken by the local jail," and his wish to join members of his family to distribute the ashes of his deceased mother. (Dkt. 459 at 2.)  The Court first considers the COVID-19 pandemic.  The Court is

8

sympathetic to these concerns, but "such concerns are not the only determinant of whether detention is appropriate." *Hernandez-Guevara*, 455 F. Supp. 3d at 894 (citing *United States v. Jones*, No. 1:17-cr-00582-CCb-2, 2020 WL 1323109, at *1 (D. Md. Mar. 20, 2020)). Judge Nelson found in *Hernandez-Guevara* that "the pandemic has no impact on the question of whether Defendant poses a flight risk or is a danger to the community." *Id.* In this case, Magistrate Judge Bowbeer found that Defendant presents both a risk of nonappearance and danger to the community that necessitated detention. (Dkt. 52.) Defendant has not challenged any of the findings in the Detention Order, nor has he identified any particular reason why the pandemic would reduce the risk of nonappearance and danger to the community that he poses. The Court concludes that the pandemic has no effect on the risk of nonappearance and danger to the community. Further, Defendant has not identified any health condition or co-morbidity that puts him at increased risk if he were to contract COVID-19, much less one that rises to the level of an exceptional reason warranting release. *See Hernandez-Guevara*, 455 F. Supp. 3d at 894 (citing *Jones*, 2020 WL 1323109, at *1 (denying motion for release of detainee exposed to COVID-19 at another detention facility, despite detainee's underlying health issues including pregnancy)).

Defendant also identifies "his deteriorating mental health as a result of pandemic measures taken by the local jail." (Dkt. 459 at 2.) The Government described this statement as "ambiguous[]" in its opposition, and Defendant has not clarified his mental health concerns by reply or otherwise provided evidence of his deteriorating mental health other that his own subjective statements. In the absence of more specific

9

information, the Court finds that this basis does not constitute an exceptional reason warranting release.

Finally, the Court understands that Defendant wishes to join members of his family to distribute the ashes of his deceased mother.  (Dkt. 459 at 2.)  The Court recognizes the pain caused by the loss of a parent, but generally, such family circumstances, "including the need to care for close family members—is not considered an 'exceptional reason' that warrants pre-sentence release."  *United States v. Roberson*, No. 14-CR-0403(3) PJS, 2015 WL 4247046, at *2 (D. Minn. July 13, 2015).

In sum, for the reasons stated above, and based on the files, records, and proceedings herein, **IT IS ORDERED THAT:** Defendant's Motion to Reopen Detention Hearing (Dkt. 459) is **DENIED**.

DATED: February 8, 2021                    *s/Elizabeth Cowan Wright*
                                           ELIZABETH COWAN WRIGHT
                                           United States Magistrate Judge